Charles A. COAKWELL

v.

UNITED STATES.

No. 213–57.

United States Court of Claims.
Dec. 4, 1957.

Frank S. Greene, Flushing, N. Y., for plaintiff.

G. M. Paddack, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

Plaintiff's suit is based on an alleged violation, first, of section 42 of Title 35 U.S.C.; and second, of section 1498 of Title 28 U.S.C.

Defendant moves to dismiss the petition as to the alleged violation of section 42 of Title 35 of the United States Code, because it fails to state a cause of action arising under it.[1]

The allegations of the petition should be read with the provisions of section 42 of Title 35 in mind. It reads:

"Whenever during a time when the United States is at war the publication of an invention by the granting of a patent might, in the opinion of the Commissioner of Patents, be detrimental to the public safety or defense or might assist the enemy or endanger the successful prosecution of the war he may order that the invention be kept secret and withhold the grant of a patent until the termination of the war: *Provided*, That the invention disclosed

in the application for said patent may be held abandoned upon it being established before or by the commissioner that in violation of said order said invention has been published or that an application for a patent therefor has been filed in a foreign country by the inventor or his assigns or legal representatives, without the consent or approval of the Commissioner of Patents, or under a license of the Secretary of Commerce as provided by law.

"When an applicant whose patent is withheld as herein provided and who faithfully obeys the order of the Commissioner of Patents above referred to shall tender his invention to the Government of the United States for its use, he shall, if and when he ultimately received a patent, have the right to sue for compensation in the Court of Claims, such right to compensation to begin from the date of the use of the invention by the Government."

The petition alleges that plaintiff applied for a patent on an anti-blackout device for airplane pilots filed during World War II, and it complains that no secrecy order was issued, while the application for patent was pending, but that one should have been issued. Since no secrecy order was issued, no right of action could arise under section 42 of Title 35.

The issuance of a secrecy order was for the benefit of the Government, and not for the benefit of an applicant for a patent. Therefore, even in a case where the publication of the invention by the grant of the patent would in fact endanger the prosecution of the war, the failure of the Commissioner of Patents to issue such an order creates no right of action in the applicant.

The issuance of such an order was left to the discretion of the Commissioner of Patents and no abuse of that discretion is shown.

---

1. Section 1491 of Title 28 U.S.C. cited in the petition, gives this court jurisdiction of causes of action, among others, founded upon an Act of Congress or the Constitution.

Defendant's motion is granted. Plaintiff's petition, insofar as it relates to a cause of action founded on section 42 of Title 35, will be dismissed. Insofar as it seeks recovery under section 1498 of Title 28 it will stand.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.